## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LONNIE RARDEN,                           Case No. 1:12-cv-756
            Petitioner,

                                Barrett, J.
     vs.                                Bowman, M.J.


WARDEN, WARREN                           **ORDER**
CORRECTIONAL INSTITUTION,
            Respondent.


Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, petitioner raises four claims challenging the effectiveness of his appellate counsel on direct appeal from his March 22, 2007 convictions and sentences in Butler County, Ohio, Court of Common Pleas Case Nos. CR2006-07-1271 and CR2006-09-1593.  (*See* Doc. 1).  Previously, on August 29, 2012, petitioner initiated another habeas corpus action under 28 U.S.C. § 2254, which is presently pending before this Court.  *See Lonnie Rarden v. Warden, Warren Corr. Inst.,* Case No. 1:12-cv-660 (S.D. Ohio) (Barrett, J.; Bowman, M.J.).  In that case, petitioner has asserted one ground for relief challenging the sentence that was imposed in the same Butler County criminal cases.  *Id.* (Doc. 1).  On September 4, 2012, an Order was issued in that case requiring respondent to file a return within sixty (60) days responding to the allegations of the petition.  *Id.* (Doc. 2).

In order to prevent the piecemeal litigation of petitioner's cause of action, petitioner's two habeas corpus actions, in which he challenges his current custody based on the same

convictions and sentences, should be consolidated.  Rule 12 of the Rules Governing Section 2254 Cases In the United States District Courts, 28 U.S.C. foll. § 2254, provides that the Federal Rules of Civil Procedure may be applied to the extent that the rules are not inconsistent with any statutory provisions or rules governing § 2254 actions.   Under Fed. R. Civ. P. 42(a), the court has discretion to consolidate cases involving common questions of law or fact.  *Groh v. State Farm Mut. Auto. Ins. Co.*, Nos. 2:10cv918 & 2:10cv919, 2011 WL 13680, at *1 (S.D. Ohio Jan. 3, 2011) (Deavers, M.J.) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir. 1993)). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Cantrell*, 999 F.2d at 1011.  "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal citation and quotation omitted).   In deciding whether to consolidate cases, the court should consider whether consolidation will increase the risk of prejudice, unfair advantage and possible confusion of the issues, and whether any such risks are "overborne by the risk of inconsistent adjudications of common factual and legal issues[;] the burden on the parties, witnesses and available juridical resources posed by multiple lawsuits[;] the length of time required to conclude multiple lawsuits as against a single one[;] and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Groh, supra*, 2011 WL 13680, at *1-2 (quoting *Cantrell*, 999 F.2d at 1011).

Here, the undersigned can think of no reason to maintain two separate actions.  The parties in the two habeas corpus actions are the same.  Moreover, although the issues raised in the two actions are different, in both cases, petitioner challenges his state custody based on his criminal convictions and sentences in Butler County Common Pleas Court Case Nos. CR2006-07-1271 and CR2006-09-1593.  Consolidation will not increase the risk of prejudice or create an

2

unfair advantage for either party.  Furthermore, instead of confusing the issues, consolidating the cases will promote judicial economy and actually will reduce the likelihood of confusion by eliminating piecemeal litigation of petitioner's claims challenging his state-court convictions and sentences.  *Cf. Holder v. Bauman*, Nos. 09-10954 & 09-10973, 2009 WL 5217083 (E.D. Mich. Dec. 30, 2009) (ordering the consolidation of two § 2254 habeas corpus petitions challenging state convictions that arose "from the same plea proceeding"); *Tate v. Booker*, Nos. 2:06cv13156 & 2:06cv13907, 2007 WL 3038026 (E.D. Mich. Oct. 18, 2007) (ordering consolidation of two § 2554 habeas petitions challenging the same conviction).

Accordingly, it is hereby **ORDERED** that the instant action, Case No. 1:12-cv-756, be consolidated with Case No. 1:12-cv-660.  The Clerk of Court is **DIRECTED** to file all future pleadings, notices and orders in the earlier-filed action, Case No. 1:12-cv-660, and to file a copy of this Order in both Case Nos. 1:12-cv-660 and 1:12-cv-756.

It is **FURTHER ORDERED** that, in accordance with the Order issued on September 4, 2012 in Case No. 1:12-cv-660 (Doc. 2), respondent shall include in the return of writ responding to petitioner's allegations, both a response to the petition filed in Case No. 1:12-cv-660 and a response to the petition filed in Case No. 1:12-cv-756.

**IT IS SO ORDERED.**


 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3