# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

LONNIE RARDEN,

                     Petitioner,          :    Case No. 1:12-cv-660/1:12-cv-756

   - vs -                                District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,
                                    :

                     Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Lonnie Rarden brought this case pursuant to 28 U.S.C. § 2254 for habeas corpus relief from his March 2007, conviction in the Butler County Common Pleas Court and subsequent sentence to a term of imprisonment in Respondent's custody.   Rarden pleads the following ground for relief in Case No. 1:12-cv-660:

> **Ground One:**   The trial court's sentence was void, therefore the trial court must conduct a complete *de novo* sentence hearing.
>
> **Supporting Facts**:  When the trial court sentenced me on March 21, 2007, the trial court failed to properly impose post release control.  On March 26, 2010, I filed a *pro se* motion requesting that the trial court re-sentence me.  On April 7, 2010, the trial court tried to simply fix the flawed portion of post release control instead of conducting a complete *de novo*  re-sentencing hearing.

(Petition in 1:12-cv-660, Doc. No. 1, PageID 5.)

In Case No. 1:12-cv-756, Rarden pleads the following grounds for relief:

> **Ground One:**   Appellate counsel was ineffective when he told Petitioner that it [he] was responsible for filing a subsequent *pro se* appeal concerning fines and court cost imposed.

1

**Supporting Facts:**   Petitioner was originally sentenced in the above captioned case on March 22, 2007. At that sentencing hearing, the trial court entered in its Judgment of Conviction Entry that Petitioner was to pay all court cost and fines imposed but, failed to state on the record at that sentencing hearing that Petitioner was ordered to pay fines and court cost. On March 26, 2010, Petitioner filed a pro se motion to have the trial court re-sentence him for failing to to [sic] notifying him of Post Release Control. On April 14, 2010, the trial court conducted a de novo sentencing hearing. At that sentencing hearing, the trial court AGAIN, failed to impose court cost or fines in the instant case but journalized that it did in fact notify Petitioner that he was ordered to pay court cost and fines in the instant case.

When Petitioner's Appellate Counsel contacted him in regards as to what issues that petitioner wanted him, (Mr. Modderman), to raise on Appeal. Petitioner wrote Mr. Modderman and advised him that he wanted him to raise as one of his issues the fact that the trial court stated in its journal entry, that it notified the petitioner that it was imposing fines and court cost but, on the record the trial court did not notify the petitioner that it was imposing any fines or court upon him.  Mr. Modderman wrote petitioner back saying that this issue was a civil matter and if he wished to address this issue that he would have to hire another attorney or appeal it in pro se.

**Ground Two:**   A trial court shall not participate in plea negotiations.

**Supporting Facts:**  Appellate Counsel in the instant case failed to raise in his merit brief that on March 7, 2007, at a pre-trial hearing, that if there were to be any discussions about any plea agreement that they should be done on the record since Petitioner was proceeding in pro se. But on March 16, 2007 the trial court sent Defense Attorney David Brewer over to the Butler County Jail to see if Petitioner would accept a ten year prison sentence. The trial court also told Mr. Brewer to advise Petitioner, that if did not accept the ten year deal that the court would impose the maximum sentence upon him. Petitioner called the trial court judge out on this in his opening statements to the jury. The trial court or the prosecution did not object to this assertion.

**Ground Three:**   A Defendant is entitled to have a trial court instruct a jury on lesser included offenses if he has proven to the court and jury that he is not guilty of the charges he is being tried on.

**Supporting Facts:** Petitioner's Appellate Counsel failed to raise in his merit brief that on February 16, 2007 , Petitioner filed a pro se motion requesting that the trial court instruct the jury on lesser included offense instructions if he was entitled to such instructions. The trial court deferred petitioner's request until the conclusion of the trial. At the conclusion of the trial on March 22, 2007, petitioner again requested that the trial court instruct the jury on lesser included offenses but, the trial court refused to instruct the jury, citing that petitioner waited too late to instruct the jury and he (the judge) was not going to re-type another set of jury instructions. The court did not give any other reasons as to why petitioner was not ent1tled.

**Ground Four:** Appellant/Petitioner was entitled to the effective assistance of counsel on FIRST direct appeal.

**Supporting Facts:** Petitioner was entitled to the effective assistance of appellate counsel on his first direct appeal (CA2007-03-0077). Petitioner's Appellate Counsel in the instant case was ineffective for failing to raise the fact that Petitioner was the one who discovered that the trial court fail to properly notify that petitioner of Post Release Control, and that it was the petitioner in pro se, made the trial court fix it by conducting a de novo sentencing hearing.

(Petition in 1:12-cv-756, Doc. No. 1, PageID 5-10.)

After this second Petition was filed, Magistrate Judge Bowman ordered the case consolidated and all future filings to be made under Case no. 1:12-cv-660 (Doc. No. 2). All further references herein will therefore be made to the docket entries and PageID numbers under that case heading. This case was transferred to Magistrate Judge Merz on December 11, 2013 (Doc. No. 14).

**Procedural History**

In August and September 2006, the Butler County Grand Jury indicted Rarden on one count of escape, one count of retaliation, two counts of complicity to perjury, one count of

complicity to tampering with evidence, one count of menacing by stalking, and seventeen counts of violating a protective order (Return of Writ, Doc. No. 7, Exhibits 1 & 2).  On Rarden's request, he was permitted to proceed *pro se* with attorney David Brewer acting as stand-by counsel.  The trial jury convicted Rarden on all counts and he was sentenced to the prison term he is now serving.[1]

Represented by new counsel, Rarden appealed  to the Twelfth District Court of Appeals which affirmed the conviction.  *State v. Rarden*, Case No. CA2007-03-077 (Ohio App. 12th Dist. Apr. 21, 2008)(unreported, copy at Return of Writ, Doc. No. 7, Exhibit 21, PageID 379-382). The Ohio Supreme Court declined jurisdiction over a subsequent appeal.

On May 6, 2009, Rarden filed a Petition for Writ of Habeas Corpus in this Court pleading seven grounds for relief as follows:

> **GROUND ONE**: The trial court violated petitioner's constitutional right to counsel.
>
> **GROUND TWO:** The trial court denied petitioner access to a law library to prepare for his trial, while being incarcerated.
>
> **GROUND THREE:** The trial court denied petitioner due process rights to discovery.
>
> **GROUND FOUR**: The trial court's sentence is contrary to law; it violates state and federal constitution as well as the Ohio Revised Code.
>
> **GROUND FIVE:** A trial court shall not participate in a plea bargain.
>
> **GROUND SIX**: Witness misconduct.
>
> **GROUND SEVEN:** The trial court denied petitioner his right for the trial court to instruct jury to lesser included offenses.

---

[1] The Return notes that Rarden is also serving a term of imprisonment upon conviction for aggravated assault and menacing by stalking, but that conviction is not challenged in these cases.  (Return. Doc. No. 1, n. 1, PageID 32.)

(Petition in Case No. 1:09-cv-335; copy at Return of Writ, Doc. No. 7, Exhibit 52, PageID 524-550.)  Magistrate Judge Wehrman recommended that the Petition be dismissed with prejudice. *Rarden v. Warden*, 2011 U.S. Dist. LEXIS 60599 (S.D. Ohio, Mar. 9, 2011).  District Judge Beckwith adopted that recommendation over Rarden's objections.  *Rarden v. Warden*, 2011 U.S. Dist. LEXIS 60597 (S.D. Ohio June 7, 2011).  The United States Court of Appeals for the Sixth Circuit denied Rarden's request for a certificate of appealability.  *Rarden v. Sheets*, Case No. 11-3693 (6th Cir. Jan. 30, 2012)(unpublished; copy at Return of Writ, Doc. No. 7, Exhibit 56, PageID 597-600).

While his first habeas case was pending in this Court, Rarden filed a Delayed Application to Reopen his direct appeal, raising four claims of ineffective assistance of appellate counsel (Return of Writ, Doc. No. 7, Exhibit 57).  The Twelfth District found Rarden had not shown good cause for the delay and the Supreme Court declined jurisdiction over an appeal.  On April 22, 2010, Rarden filed a motion to resentence for failure of the trial court properly to impose post-release control.  The trial court then imposed three year post-release control and Rarden appealed for failure to conduct a complete sentencing hearing.  The Twelfth District affirmed and the Ohio Supreme Court again declined jurisdiction.  On May 4, 2011, Rarden filed another Ohio App. R. 26(B) application to reopen the direct appeal on the resentencing.  The Twelfth District denied the application both originally and on motion for reconsideration and the Ohio Supreme Court again declined jurisdiction December 21, 2011.

# Analysis

## Grounds Two and Three in Case No. 1:12-cv-756 Should Be Dismissed

As noted above, Rarden has previously filed a petition for writ of habeas corpus relating to this conviction which was dismissed on the merits and as to which a certificate of appealability was denied by the Sixth Circuit.  In that prior Petition, he raised as Ground Five his claim that the trial court improperly engaged in plea negotiations and in Ground Seven his claim that the trial court improperly refused to instruct on lesser included offenses.

28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Rarden asserts that the instant petition is not "second or successive" because he is not challenging the judgment of conviction he challenged in the 2009 case, but rather "the new re-sentencing entry's [sic] the trial court issued on April 26, 2010, …"  (Traverse, Doc. No. 11, PageID 1659).  Rarden relies on *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), for the proposition that since he was re-sentenced, the second or successive bar does not apply to him.  In that case, the Court held a habeas petition raising a claim after a conditional writ and new sentencing hearing which could have been raised on the original petition is not barred as a second or successive petition because it challenges a new judgment.

Rarden is correct that this Court must decide in the first instance whether the Petitions in 1:12-cv-660 and 1:12-cv-756 are "second or successive."  *In re Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

Under Ohio law, Rarden was not entitled to a *de novo* sentencing hearing and a new

6

judgment upon his motion with respect to post release control. When a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, that part of the sentence that is void and must be set aside. *State v. Fischer*, 128 Ohio St. 3d 92, ¶ 26 (2010).

> "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. *Id*. The scope of relief based on a rule, like Fed.R.Crim.P. 35, is likewise constrained to the narrow function of correcting only the illegal sentence. It does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing. See, e.g., *Hill v. United States* (1968), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417.

*Fischer*, ¶ 25, quoted in *State v. Harris*, 132 Ohio St. 3d 318, ¶ 17 (2012). This Court has previously held that a re-sentencing to validly impose post-release control under Ohio law does not create a new judgment such that a habeas petition can then be filed attacking those portions of the underlying judgment which were not modified. *Mackey v. Sheets*, 2012 U.S. Dist. LEXIS 126498 (S.D. Ohio, Sept. 6, 2012), and 2012 U.S. Dist. LEXIS 159668 (S.D. Ohio Nov. 7, 2012), adopted 2013 U.S. Dist. LEXIS 5969 (S.D. Ohio Jan. 15, 2013).

The Petition in this case is a "second or successive" petition because the modified judgment entered by the Common Pleas Court imposing post-release control does not come within the *Magwood* decision.

28 U.S.C. § 2244 recognizes two kinds of claims brought in second or successive petitions: those that were presented in a prior application and those that were not. As to the prior class of claims, § 2244(b)(1) provides that such claims "shall be dismissed." Therefore Grounds for Relief Two and Three, previously presented to this Court in Case No. 1:09-cv-335 and dismissed with prejudice should now again be dismissed with prejudice.

7

**Ground Four Should Be Transferred to the Sixth Circuit**

In his Fourth Ground for Relief, Rarden claims he received ineffective assistance of appellate counsel on his first direct appeal.  This claim falls within the class of claims made in a second or successive habeas application which is governed by 28 U.S.C. § 2244(b)(2), to wit, a claim not made in the prior application.  As to such claims, the District Court is without subject matter jurisdiction to proceed without prior permission of the Court of Appeals.  *Burton v. Stewart*, 549 U.S. 147 (2007).  Ground Four should be therefore transferred to the circuit court for permission to file.  *United States v. Alford*, Case No. 11-4067 (6th Cir. 11/12/2013)(copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).[2]

**Ground One in Case No. 1:12-cv-660**

In his sole Ground for Relief in Case No. 1:12-cv-660, Rarden claims that the trial court's original sentence was void and therefore the trial court was obliged to conduct a complete *de novo* sentencing hearing.  This claim is not barred by the "second or successive" petition rule since it arises out of his resentencing to impose post-release control and therefore was not available to him when he filed Case No. 1:09-cv-335.

However, the claim is completely without merit.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v.*

---

[2] Because the Court lacks subject matter jurisdiction, it cannot decide the merits of the Warden's statute of limitations argument.

*Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  As the Warden notes, Rarden's sole ground for relief in 1:12-cv-660 is that the trial court did not give him the *de novo* sentencing hearing he claimed he was entitled to on the re-sentencing to impose post-release control.

Rarden argues that a violation of state law is cognizable in federal habeas proceedings "if error amounts to a fundamental miscarriage of justice or a violation of the right to due process guaranteed by the United States Constitution."  (Traverse, Doc. No. 11, PageID 1663, purportedly quoting *Smith v. Ohio Dept. of Rehabilitation and Corrections*, 33 F. Supp. 2d at 662 (N.D. Ohio 2004), and *Williams v. Smith* 2011 U.S. Dist. LEXIS 6423.)  The first of these decisions is actually reported at 331 F.Supp. 2d 605.  The matter quoted by Rarden is found at 662, n. 16, which reads in its entirety:

> While a violation of state law may be cognizable in federal habeas corpus actions if such error amounts to a fundamental miscarriage of justice or a violation of the right to due process guaranteed by the United States Constitution, see *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998); *Matlock v. Rose*, 731 F.2d 1236, 1242 (6th Cir. 1984), neither of the alleged errors of state law, in this case, rise to that level.

Judge Wells' full opinion on the two claims in Smith's petition found not to be cognizable is:

> Federal habeas relief is not available for errors of state law as "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991). Accordingly, alleged errors involving a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir.

2000); *Allen v. Morris,* 845 F.2d 610, 614 (6th 1988). As the Sixth Circuit explained, in *Oviedo v. Jago*:

> Whether or not the [state court] complied with the procedural requirements of [state] law is not a matter for this court to decide on a petition for habeas corpus relief. The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.

809 F.2d 326, 328 (6th Cir. 1987); see also *Johns v. The Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985).

In both his third and fourth grounds for relief, Mr. Smith asks this court to review decisions made by Ohio appellate courts based on Ohio law. In his third ground, Mr. Smith argues that the "Appellate Court Erred in the Denial of Petitioner's Motion for Delayed Application to Reopen Pursuant to App. 26(B)." (Docket # 1, at 6). Such a claim lies beyond the scope of federal habeas review as it involves the application of a state procedural rule. Mr. Smith's fourth ground of relief, arguing that the Ohio Supreme Court's denial of leave to file a delayed appeal was "a clear and concise abuse," likewise involves the application of a state procedural rule which is not cognizable in federal habeas review.

Because Mr. Smith's third and fourth grounds for relief fail to state cognizable federal habeas claims, they will be dismissed.

331 F. Supp. 2d at 622.

Rarden cites no federal case law authority for the proposition that a person in his position – a person as to whom an ancillary portion of the judgment has not been properly imposed – is entitled by the United States Constitution to a *de novo* resentencing when the error is being corrected.

Without any case law in point, Rarden does claim that he was denied due process when the state trial court did not follow *State v. Bezak*, 114 Ohio St. 3d 94 (2007), which he says was "good law when the petitioner was resentenced on April 14, 2010, and it required the trial court to consider those statues [sic]," to wit Ohio Revised Code § 2929.11, 2929.12, 2929.13, and

2929.14 (Traverse, Doc. No. 11, PageID 1663.)  Rarden notes that *State v. Fischer, supra,* "did not come out until eight months after petitioner was resentenced."  *Id.*

In *Bezak* the Ohio Supreme Court held that when a mandatory term of post-release control is conveyed by the trial judge to a defendant at sentencing, the resulting sentence is void and the trial court may not on remand simply advise the defendant that he is subject to post-release control and automatically reimpose the same sentence.  Instead,

> We hold that when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence. When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense.

*Bezak* at ¶ 16. *Fischer*, which held that only that portion of a sentence failing to impose mandatory post-release control was void, overruled *Bezak* on this point, was not in fact handed down until December 23, 2010.

Rarden asserts he made this due process claim when he appealed from the resentencing. His Brief on Appeal is Exhibit 76 to the Return of Writ (Doc. No. 7-4, PageID 738-742).  A review of that document reveals absolutely no due process or other constitutional claim was made.  Therefore, any claim that the Twelfth District was obliged as a matter of constitutional law to follow *Bezak* is procedurally defaulted.  In any event, by the time the Twelfth District reached this case for decision, *Fischer* rather than *Bezak* was the law of Ohio; the decision on appeal was handed down February 7, 2011.  *State v. Rarden,* Case No. CA2010-04-095/CA2010-05-106/CA2010-05-126 (Ohio App. 12th Dist. Feb. 7, 2011)(unreported; copy at Return of Writ, Doc. No. 7-4, Exhibit 81.)  This Court knows of no principle of constitutional law which requires

11

a state court of appeals to follow a reversed decision from its State's own supreme court.

Therefore it is respectfully recommended that the sole Ground for Relief in Case No. 1:12-cv-660 be dismissed with prejudice.

**Ground One in Case No. 1:12-cv-756**

In his First Ground for Relief in Case No. 1:12-cv-756, Rarden asserts he was deprived of effective assistance of appellate counsel on his direct appeal of his resentencing when his appellate attorney told him he would have to proceed *pro se* to raise the claim that the trial court committed error when it did not notify him it was imposing fines and court costs but included fines and court costs in the judgment entry.

As with Ground One in Case No. 1:12-cv-660, this claim is not barred by the second or successive petition statute, 28 U.S.C. § 2244(b), because it raises  claims related to the resentencing.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682,

707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.*

Rarden raised this claim relating to omission of an assignment of error about fines and court costs when he filed an Application for Reopening under Ohio R. App. P. 26(B) relating to the resentencing appeal. Applying the *Strickland* standard, the Twelfth District found there was no ineffective assistance of appellate counsel in failing to raise this claim because it would have been barred by Ohio's criminal *res judicata* doctrine. *State v. Rarden*, Case No. CA2010-04-095 (Ohio App. 12th Dist. Aug. 18, 2011)(unreported; copy at Return of Writ, Doc. No. 7-4, Exhibit 90, PageID 871-74.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

The Twelfth District's decision on this claim is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court law, to wit, *Strickland* and its progeny. There cannot be ineffective assistance of appellate counsel in failing to raise a claim as to which there is a complete bar under the law, as there was to this claim about fines and costs.

Therefore the First Ground for Relief in Case No. 1:12-cv-756 should be dismissed with prejudice.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Fourth Ground for Relief in Case No. 1:12-cv-756 be TRANSFERRED to the Sixth Circuit for a determination of whether it may proceed and that the remaining Grounds for Relief be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

December 17, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).