# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LONNIE RARDEN,

        Petitioner,      :      Case No. 1:12-cv-660/1:12-cv-756

  - vs -                          District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,

                               :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," Doc. No. 15).  Judge Barrett has recommitted the matter for reconsideration in light of the Objections (Doc. No. 18).

The two cases numbered above were consolidated by Magistrate Judge Bowman and are dealt with separately, both here and in the Report.

**Case No. 1:12-cv-660, Ground One**

In his sole Ground for Relief in Case No. 1:12-cv-660, Rarden claims that the Butler County sentence of March 21, 2007, was void because the trial court "failed to properly impose post release control."  (Petition, Doc. No. 1, PageID 5.)

Rarden first raised this claim on March 26, 2010, when he filed a motion for re-

sentencing because of the post-release control deficiency in the original judgment (Objections, Doc. No. 17, PageID 1707). The trial court granted the motion, but "merely corrected the flawed portion of P.R.C. instead of conducting a complete de novo resentencing as require [sic] in Bezak." (Objections, Doc. No. 17, PageID 1708); citing to *State v. Bezak*, 114 Ohio St. 3d 94 (2007). Rarden appealed, claiming that he should have been sentenced *de novo*. In his Brief on appeal Rarden made no federal constitutional claim at all (Brief, Return of Writ, Doc. No. 7-4, Ex. 76, PageID 738-43). He cited three Ohio cases -- *State v. Simpkins*, 17 Ohio St. 3d 420 (2008); *State v. Singleton,* 124 Ohio St. 3d 173 (2009); and *State v. Schmitt*, 175 Ohio App. 3d 600 (3rd Dist. 2010) -- none of which employ federal constitutional analysis. He does not cite *Bezak, supra*, the case on which he now relies.

In the Objections, Rarden criticizes the Report for adverting to his Brief on Appeal, noting that "petitioner has NEVER referred to Exhibit 76 for any reason." (Doc. No. 17, PageID 1707.) Instead, he says, Exhibits 85 and 88 are the places where he argued due process violations.

Exhibit 85 is Rarden's *pro se* Memorandum in Support of Jurisdiction in the Ohio Supreme Court, filed June 27, 2011, on appeal from the Twelfth District Court of Appeals affirmance on resentencing (Return of Writ, Doc. No. 7-4, PageID 782-97). In that Memorandum, Rarden mentions the United States Constitution at PageID 784, 785, 786 ("When a trial court circumvents giving a defendant a complete de novo hearing, it raises questions of due process and equal protection rights being violated.") 791 ("If the court fails to hold a de novo hearing pursuant to the above mentioned argument it violates due process and equal protection rights pursuant to the Fourteenth Amendment of the United States Constitution . . . ."), and 796 ("the matter involves questions arising from the United States Constitution and the Ohio

Constitution."). The Ohio Supreme Court declined to exercise jurisdiction. *Id*. at Ex. 86, PageID 801.

Exhibit 88 is Rarden's May 10, 2011, *pro se* Motion for Reconsideration in the Twelfth District Court of Appeals (Return of Writ, Doc. No. 7-4, PageID 859-869). He noted that in rejecting his appeal on the re-sentencing *de novo* point, the court of appeals had relied on *State v. Fischer*, 128 Ohio St. 3d 92 (2010), and attempted to distinguish *Fischer* from his own case. *Id.* at PageID 864. He argued, in completely conclusory terms, that failure to grant a *de novo* hearing would violate due process and equal protection. *Id.* In the Conclusion he mentions the court's duty "to enforce the rights guaranteed under both the Ohio and United States Constitution." *Id*. at PageID 869.

This further detailed review of how Rarden dealt with this claim in state court confirms the Magistrate Judge's conclusion that Ground One in Case No. 660 should be dismissed with prejudice. Rarden procedurally defaulted in presenting this claim to the Ohio courts. As he himself emphasizes, he made no constitutional claim at all on direct appeal to the Twelfth District. The first time he makes any mention of the United States Constitution is in Exhibit 88, the Motion for Reconsideration; he uses virtually the same language in mentioning the Constitution in his Supreme Court Memorandum. But neither of these "mentions" of due process or equal protection is a fair presentation of those claims. No federal case law is cited and no argument made in constitutional terms. Rarden's argument in both places is in terms of the applicable Ohio statutes and why his case is different from *State v. Fischer, supra*.

It is well settled that merely mentioning the words "due process" or "equal protection" does not constitute a fair presentation of a federal constitutional claim. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal

constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer [or *pro se* litigant] need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Even if this claim were not procedurally defaulted it would be without merit. Petitioner's argument of the merits of this claim is in his Traverse, Doc. No. 11, at PageID 1663 where he states: "A violation of state law is cognizable in federal habeas proceedings 'if error amounts to a fundamental miscarriage of justice or a violation of the right to due process guaranteed by the United States Constitution.'" He cites two cases for this proposition, *Smith v. ODRC,* 331 F. Supp. 2d 605 (N.D. Ohio, 2004), and *Williams v. Smith*, 2011 U.S. Dist. LEXIS 6423 (N.D. Ohio 2011). While both of those cases support the general proposition that, in certain extreme instances, a violation of state law can violate due process, neither one supports finding a violation of due process in what happened with Mr. Rarden and his re-sentencing. Rarden's argument is that the Twelfth District Court of Appeals was constitutionally obliged to follow *State v. Bezak, supra*, even though it had been overruled by *State v. Fischer, supra.* There is no principle of federal constitutional law which requires that result. To put it another way, not all process required by state law is constitutionally required due process. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Therefore the Petition in case No. 1:12-cv-660 should be dismissed with prejudice.

**Case No. 1:12-cv-756**

In the Petition filed under this case number, Rarden pleads four grounds for relief. The Report recommended that Ground One be denied on the merits, Grounds Two and Three be dismissed as having been previously adjudicated in Rarden's prior habeas corpus case, and Ground Four be transferred to the Sixth Circuit for that Court's decision on whether to allow Rarden to proceed. Rarden does not object to the conclusion on Ground Four, but the other three have drawn objections which require analysis.

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief in Case No. 1:12-cv-756, Rarden asserts he was deprived of effective assistance of appellate counsel on his direct appeal of his resentencing when his appellate attorney told him he would have to proceed *pro se* to raise the claim that the trial court committed error when it did not notify him it was imposing fines and court costs but included these costs in the judgment entry. Rarden raised this claim in an application to re-open his appeal from re-sentencing and the Twelfth District Court of Appeals held there was no ineffective assistance of appellate counsel in failing to raise the claim because it would have been barred by the Ohio criminal *res judicata* doctrine. *State v. Rarden*, Case No. CA2010-04-095 (Ohio App. 12th Dist. Aug. 18, 2011)(unreported; copy at Return of Writ, Doc. No. 7-4, Exhibit 90, PageID 871-74.)

5

Rarden objects that:

> All this Court would have to look at is *State v. Smith*, 131 Ohio St. 3d 297, 2012 Ohio 781, (2012). It is basically a carbon copy of what the petitioner argued to the Twelfth District Court of Appeals. The Twelfth District affirmed petitioner's argument but in Smith the Supreme Court of Ohio reversed and remanded the Twelfth District's decision. The only conclusion that petitioner can come to is that the Twelfth District Court of Appeals does not entertain "pro se" or "pro proper" [sic] arguments or has some other bias reasons against petitioner.

(Objections, Doc. No. 17, PageID 1709-1710.)(The consolidated objections to cases 1:12-cv-660/1:12-cv-756 were filed as Doc. No. 17 in case 1:12-cv-660.)

In *Smith* the Ohio Supreme Court decided that a sentencing judge must notify an Ohio criminal defendant at the time of sentencing that if he or she fails to pay court costs, he or she can be compelled to do community service and that the issue of failure to notify becomes ripe for appeal without waiting on a defendant's failure to pay the costs.

Although *Smith* was decided about six months after Rarden's 26(B) Application was denied, it actually supports the Twelfth District's dismissal. Under *Smith*, Rarden's claim about failure to notify was ripe when he took his first direct appeal, but failed to raise the claim and it therefore was barred by *res judicata.* The court wrote:

> Counsel's failure to argue those issues appellant presents in his application does not raise a genuine issue as to whether counsel was ineffective. Issues involving the imposition of costs, plea negotiations and jury instructions are res judicata as these issues should have been raised in appellant's first appeal and cannot now be raised in an appeal of his resentencing. See *State v. Fisher,* 128 Ohio St.3d 92, 201 0-0hio-6238, paragraph two of the syllabus. Likewise, issues regarding the ineffectiveness of counsel in appellant's first appeal should have been raised in appellant's motion for reopening of that appeal and appellant has not established any prejudice due to the delay in correcting the imposition of his postrelease control.

*State v. Rarden*, Case No. CA2010-04-095 (Ohio App. 12th Dist. Aug. 18, 2011)(unreported; copy at Return of Writ, Doc. No. 7-4, Exhibit 90, PageID 873.)  In other words, it was not ineffective assistance of appellate counsel to fail to raise the costs claim on appeal from re-sentencing because that should have been raised on the first appeal.

As noted in the Report, this decision by the Twelfth District is a decision on the merits of Rarden's constitutional claim under *Strickland v. Washington,* 466 U.S. 668 (1984), entitled to deference by this Court unless Rarden demonstrates it is objectively unreasonable.  28 U.S.C. § 2254(d).  Rarden makes no argument in his Objections about why the failure to raise the costs claim on the resentencing appeal is not appropriately barred under the Ohio *res judicata* doctrine as the Twelfth District held.

**Ground Two:  Trial Judge Participation in Plea Bargaining**

**Ground Three:  Failure to Instruct on Lesser Included Offenses**

In his Second Ground for Relief in Case No. 1:12-cv-756, Rarden claims the trial judge participated in plea bargaining (although he did not accept the offered plea).  In his Third Ground for Relief, he contends the trial judge should have instructed on lesser included offenses.

The Report noted that Rarden had filed a previous petition for habeas corpus in this Court under Case No. 1:09-cv-335 in which the following grounds for relief were pled, among others:

> **GROUND FIVE**: A trial court shall not participate in a plea bargain.
>
> **GROUND SEVEN**: The trial court denied petitioner his right for the trial court to instruct jury to lesser included offenses.

(Petition in Case No. 1:09-cv-335; copy at Return of Writ, Doc. No. 7, Exhibit 52, PageID 524-550.)  The prior case was dismissed with prejudice.

As the Report notes, the AEDPA requires that a habeas court dismiss a claim presented in a second habeas petition that was presented in a prior application.  28 U.S.C. § 2244(b)(1).  On that basis the Report recommends these two claims be dismissed.

Rarden objects that these claims were not adjudicated in the prior case but rather dismissed for procedural default (Objections, Doc. No. 17, PageID 1710).  Procedural default is an affirmative defense which completely defeats a habeas claim; a decision that a petitioner has procedurally defaulted a claim is an adjudication on the merits.  A dismissal for procedural default is a dismissal on the merits; a second habeas application after such a dismissal must have the permission of the Court of Appeals under 28 U.S.C. § 2244(b)(3).  *In re Benedict Joseph Cook,* 215 F.3d  606 (6th Cir. 2000).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Ground Four in Case No. 1:12-cv-756 be transferred to the Sixth Circuit Court of Appeals so that Rarden can ask that court for permission to proceed.  Other than Ground Four, both Petitions should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

February 7, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).