# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LONNIE RARDEN,                    Case Nos. 1:12-CV-660/1:12-CV-756

         Petitioner,            District Judge Michael R. Barrett
                                          Magistrate Judge Michael R. Merz
    v.

WARDEN, Warren Correctional Institution,

         Respondent.

## OPINION AND ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge ("Report") (Doc. 15), Petitioner's Objections (Doc. 17), the Supplemental Report and Recommendation of the Magistrate Judge ("Supplemental Report") (Doc. 19), and Petitioner's Supplemental Objections (Doc. 21) in Case No. 1:12-cv-660. The Report, Supplemental Report, and Supplemental Objections also have been filed in Case No. 1:12-cv-756, which has been consolidated with the earlier case. (Docs. 9, 11, 13).[1]

## I. BACKGROUND

The procedural and factual background is set forth in the original Report (Doc. 15) and is incorporated here. Where necessary, the pertinent background information will be identified in the analysis.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate

---

[1] All citations to the Report, Objections, Supplemental Report, and Supplemental Objections refer to only the docket numbers in Case No. 1:12-cv-660 (Doc. 15 (Report); Doc. 17 (Objections); Doc. 19 (Supplemental Report); Doc. 21 (Supplemental Objections)) for consistency.

1

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. ANALYSIS

In the Report, the Magistrate Judge addressed the various grounds for relief raised by Petitioner. The Supplemental Report addressed Petitioner's Objections to the Report. The Supplemental Objections to the Supplemental Report remain to be addressed by the undersigned. Those issues will be addressed by case number.

#### A. Case No. 1:12-cv-660

##### 1. Summary of Report, Objections, Supplemental Report, and Supplemental Objections

Petitioner raised one ground for relief in Case No. 1:12-cv-660: "The trial court's sentence was void, therefore the trial court must conduct a complete *de novo* sentence hearing." (Petition in 1:12-cv-660, Doc. 1, PageId 5). In that ground for relief, Petitioner complains that after he filed a *pro se* motion requesting to be resentenced due to the trial court's failure to properly impose post-release control, "[o]n April 7, 2010, the trial court tried to simply fix the flawed portion of post release control instead of conducting a complete *de novo* re-sentencing hearing." (Id.).

2

The Report concluded that Petitioner's claim "is completely without merit" because "[f]ederal habeas corpus is available only to correct federal constitutional violations." (Doc. 15, PageId 1696) (citing relevant caselaw and 28 U.S.C. § 22549(a)). The Report explained that the federal habeas court does not reexamine state court determinations on state law questions, and that Petitioner had not shown that a person as to whom an ancillary portion of the judgment has not been properly imposed is entitled by the United States Constitution to a *de novo* re-sentencing when the error is being corrected. (Id., PageId 1697-98). Further addressing Petitioner's argument that he was denied due process because the state trial court did not follow *State v. Bezak*, 114 Ohio St. 3d 94 (2007), the Report concludes that Petitioner did not raise that due process or other constitutional claim in his brief on appeal from the resentencing at Exhibit 76 to the Return of Writ (Doc. 7-4, PageId 738-42) such that the claim is procedurally defaulted. (Doc. 15, PageId 1699). The Report further notes that *State v. Fischer*, 128 Ohio St. 3d 92 (2010), which overruled *Bezak* by holding that only that portion of a sentence failing to impose mandatory post-release control was void, was the controlling law of Ohio at the time the Twelfth District handed down its decision on February 7, 2011. (Id., PageId 1699). The Report therefore recommended that the sole ground for relief in Case No. 1:12-cv-660 be dismissed with prejudice.

Petitioner objected to the Report's conclusions as to the sole ground for relief in Case No. 1:12-cv-660. (Doc. 17). Petitioner argued that the Report improperly referred to Exhibit 76 because Petitioner did not reference it, and that his argument on due process violations may be found in Exhibits 85 and 88 of the Return of Writ where he argued that *Fischer* did not apply to his case. (Id., PageId 1707-08).

Addressing Petitioner's Objections, the Supplemental Report maintains that the Petition in Case No. 1:12-cv-660 should be dismissed with prejudice. (Doc. 19, PageId 1718). The Supplemental Report first reasons that Exhibit 85, a *pro se* Memorandum in Support of Jurisdiction in the Ohio Supreme Court filed on June 27, 2011 on appeal from the Twelfth District Court of Appeals' affirmance on sentencing, and Exhibit 88, a *pro se* Motion for Reconsideration in the Twelfth District Court of Appeals filed on May 10, 2011, demonstrate that Petitioner defaulted in presenting his claim to the Ohio courts because he made no constitutional claim at all on direct appeal to the Twelfth District. (Id., PageId 1715-16). The Supplemental Report states that the mentioning of "due process" or "equal protection" for the first time in Exhibit 88 and again in a similar fashion in Exhibit 85 is insufficient to constitute a fair presentation of the claims because no federal caselaw is cited and no argument is made in constitutional terms; rather, Petitioner argues in terms of the applicable Ohio statutes and why his case is distinguishable from *Fischer*. (Id., PageId 1716). Moreover, the Supplemental Report indicates that the claim is without merit because there is no principle of constitutional law that requires the Twelfth District to follow *Bezak* even though it had been overruled by *Fischer*. (Id., PageId 1717).

In Petitioner's Supplemental Objections, he argues that the Supplemental Report is erroneous. (Doc. 21, PageId 1726-27). Petitioner argues that in his brief at Exhibit 76 (Doc. 7-4, PageId 738-43), he cited to *State v. Simpkins*, 117 Ohio St. 3d 420 (2008), *State v. Singleton*, 124 Ohio St. 3d 173 (2009), and *State v. Schmitt*, 175 Ohio App. 3d 600 (3d Dist. 2010), which each refer to a constitutional analysis at ¶ 19, ¶ 33, and ¶ 22, respectively. (Id., PageId 1727). Petitioner further contends that even though he did not mention *Bezak* in his brief on direct appeal, *Singleton* and *Simpkins* both say the same thing as *Bezak* and are mentioned in his brief

4

on direct appeal. (Id.). As for the conclusion that Petitioner's talismanic constitutional phrases like "fair trial" and "due process" of law are insufficient to raise a federal constitutional claim, Petitioner counters, without pointing to any specific record citations, that he "has consistently and vigorously argued that his fair trial and due process rights were violated when the trial court failed at the resentencing hearing to consider all of the requirements set forth in Ohio Revised Code §§ 2929.11, 2929.12, 2929.13, 2929.14." (Doc. 21, PageId 1727). Petitioner states that he fairly presented his constitutional claim to the Ohio Supreme Court after the Twelfth District refused to apply *Singleton* and *Simpkins*. (Id., PageId 1728). He further contends that *Smith v. Ohio Department of Rehabilitation and Corrections*, 331 F. Supp. 2d 605 (N.D. Ohio 2004) and *Williams v. Smith*, 2011 U.S. Dist. LEXIS 6423 (N.D. Ohio 2011) do not hold that a violation of state law can violate due process only in certain "extreme circumstances" and that the circumstances of his case clearly demonstrate a fundamental miscarriage of justice in the sentence imposed upon him. (Id., PageId 1728-29).

   **2. Resolution**

Upon review, the undersigned agrees with the Magistrate Judge that Petitioner's sole claim for relief in Case No. 1:12-cv-660 should be dismissed with prejudice.

The first issue to consider is whether Petitioner's claim is procedurally defaulted for failure to fairly present the claim to the highest court of the state thereby giving the state courts a full and fair opportunity to rule on his claims before he sought relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S 838, 842 (1999). Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). Upon review, the undersigned agrees with the Magistrate Judge that Petitioner procedurally defaulted in presenting this claim to the Ohio courts.

Petitioner's brief to the Twelfth District at Exhibit 76 does not include any language even remotely suggesting a federal constitutional basis for his claim. (Doc. 7-4, PageId 738-43). The cases relied upon by Petitioner in his brief are all Ohio state cases and there is no reference to a provision of the Constitution therein. (Id.). Moreover, the cases upon why Petitioner now relies in that brief (Doc. 7-4, PageId 741-42), despite previously arguing that Exhibit 76 should not be considered, do not employ a constitutional analysis as it relates to propositions for which Petitioner cites them. *See Simpkins*, 117 Ohio St. 3d at 422-25; *Singleton*, 124 Ohio St. 3d at 174; *Schmitt*, 175 Ohio App. 3d at 611.[2] Indeed, the paragraphs in *Simpkins* (¶ 19), *Singleton* (¶ 33), and *Schmitt* (¶ 22) to which Petitioner directs the undersigned do not mention the Constitution or a constitutional analysis concerning due process or equal protection. *Simpkins*, 117 Ohio St. 3d at 424-25; *Singleton*, 124 Ohio St. 3d at 182[3]; *Schmitt*, 175 Ohio App. 3d at 609-10. Although *Bezak*, the case to which Petitioner now cites, is addressed implicitly in Exhibit 76 by citation to other cases that rely upon *Bezak*, that case nevertheless still does not employ a federal constitutional analysis. *See Bezak*, 114 Ohio St. 3d at 94-97. Accordingly, the undersigned disagrees with Petitioner that he fairly presented a constitutional claim to the Twelfth District in his brief at Exhibit 76.

Turning to Exhibits 85 and 88, the undersigned likewise concludes that they do not demonstrate that Petitioner fairly presented his claim to either the Twelfth District or the Ohio

---

[2] In addressing an argument different from that presented by Petitioner (that Ohio Rev. Code § 2929.191 violates the due process and double jeopardy clauses because it increases the punishment for a defendant after the time for appeal has run), the *Schmitt* court stated: "Notice of post-release control is a statutorily mandated term of a sentence and correction of a void sentence for failure to include such statutory notice does not somehow enhance the punishment or violate the constitution." *State v. Schmitt*, 175 Ohio App. 3d 600, 613 (3d Dist. 2008).

[3] Paragraph 33 of *Singleton* refers to double jeopardy, which is an issue separate and distinct from the issue raised by Petitioner here. *State v. Singleton*, 124 Ohio St. 3d 173, 182 (2009). Further, the *Singleton* court noted that state caselaw provided a constitutional remedial procedure for correcting a failure to impose post-release control prior to July 11, 2006 in the absence of a statutory remedy, but that after the enactment of Ohio Rev. Code § 2929.191, which became effective July 11, 2006, which is before Petitioner's conviction, the legislature had promulgated instead a statutory remedy to correct an error in imposing post-release control. *Id.* at 174.

Supreme Court. Nothing in Petitioner's Supplemental Objections demonstrates that he fairly presented any constitutional claims in either Exhibit 88, Petitioner's *pro se* Motion for Reconsideration in the Twelfth District (Doc. 7-4, PageId 859-69), or in Exhibit 85, Petitioner's *pro se* Memorandum of Jurisdiction in the Ohio Supreme Court. As the Magistrate Judge correctly acknowledged (Doc. 19, PageId 1716), Petitioner's argument in Exhibit 88 was that the court of appeals erroneously relied on *State v. Fischer*, 128 Ohio St. 3d 92 (2010) in rejecting his appeal concerning *de novo* re-sentencing and he attempted to distinguish *Fischer* from his own case. (Doc. 7-4, PageId 864). In conclusory fashion, Petitioner argues that the failure to grant a *de novo* hearing would violate due process and equal protection. (*Id.*) He also mentions in the "Conclusion" the court's duty "to enforce the rights guaranteed under both the Ohio and United States Constitution[.]" (Id., PageId 869).[4] Further, the Magistrate Judge correctly pointed out (Doc. 19, PageId 1716) that Petitioner uses virtually the same language in mentioning the Constitution in Exhibit 85. In neither brief does Petitioner cite to supporting federal caselaw or develop any cogent arguments in constitutional terms. Such naked assertions of the denial of rights to "due process" or "equal protection" do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). In the absence of a fairly presented federal constitutional claim, federal habeas corpus is not available to Petitioner.

Even assuming the claim was fairly presented, the undersigned agrees with the Magistrate Judge that the claim is without merit. Petitioner takes issue with the interpretation of *Smith v. Ohio Department of Rehabilitation and Corrections*, 331 F. Supp. 2d 605, 622 (N.D. Ohio 2004) and *Williams v. Smith*, No. 1:09-cv-495, 2011 U.S. Dist. LEXIS 6423 (N.D. Ohio

---

[4] Petitioner's May 10, 2011 filing was stricken by the Twelfth District for failing to include a certificate of service upon opposing counsel as required by App. R. 13 and Loc. App. R. 13. (Doc. 7-4, PageId 870).

7

2011) in the Supplemental Report, arguing that the cases do not hold that a violation of state law can violate due process only in certain "extreme circumstances." While Petitioner is correct in that neither case contains the phrase "extreme circumstances," they both support the general, well-established principle that in certain extreme instances, a violation of state law can violate due process or equal protection. *See Smith*, 331 F. Supp. 2d at 622; *Williams*, 2011 U.S. Dist. LEXIS 6423; *see also Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) ("Although errors of state law are generally not reviewable in a federal habeas proceeding, an alleged violation of state law 'could, potentially, be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'") (quoting *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2008)). Further, as the Report and Supplemental Report accurately acknowledged (Doc. 15, PageId 1697-98; Doc. 19, PageId 1717), neither *Smith* nor *Williams* supports a finding of a violation of due process or equal protection under the circumstances of this case. Petitioner has demonstrated no error in the conclusion that "[t]here is no principle of federal constitutional law which requires" the Twelfth District to follow *Bezak* even though it had been overruled by *Fischer* at the time of the Twelfth District's appellate decision (Doc. 19, PageId 1717).

Accordingly, Petitioner's Supplemental Objections as to his sole claim for relief in Case No. 1:12-cv-660 are overruled and his Petition is dismissed with prejudice.

    B. <u>**Case No. 1:12-cv-756**</u>

Petitioner raises Supplemental Objections to four grounds for relief in Case No. 1:12-cv-756, which are discussed separately below.

        1. **Ground One**

            a. Summary of Report, Objections, Supplemental Report, and Supplemental Objections

Petitioner's first ground for relief in Case No. 1:12-cv-756 is that: "Appellate counsel was ineffective when he told Petitioner that it [he] was responsible for filing a subsequent *pro se* appeal concerning fines and court costs imposed." (Petition in 1:12-cv-756, Doc. 1, PageId 5). Recognizing that the ground for relief was not barred as a second or successive petition because it related to resentencing, the Report addressed its merits. (Case 1:12-cv-660, Doc. 15, PageId 1700). The Report explained that Petitioner "raised this claim relating to omission of an assignment of error about fines and courts costs when he filed an Application for Reopening under Ohio R. App. P. 26(B) relating to the resentencing appeal." (Doc. 15, PageId 1702); *see also* (Application to Reopen Appeal, Doc. 7-4, PageId 802-11). The Report further indicated that the Twelfth District, applying *Strickland v. Washington*, 466 U.S. 668 (1984), found no ineffective assistance of appellate counsel in failing to raise this claim because it would have been barred by Ohio's criminal *res judicata* doctrine. (Doc. 15, PageId 1702) (citing *State v. Rarden*, Case. No. CA2010-04-095 (Ohio App. 12th Dist. Aug. 18, 2011) (unreported, copy in Case No. 1:12-cv-660 at Doc. 7-4, PageId 871-74). Applying the standards for federal habeas review of a state court's decision on the merits, the Report concludes that the Twelfth District's decision on the merits was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court law because there cannot be ineffective assistance of appellate counsel in failing to raise a claim as to which there is a complete bar under the law. (Doc. 15, PageId 1702). Accordingly, the Report recommends that the first ground for relief in Case No. 1:12-cv-756 be dismissed with prejudice. (Id., PageId 1703).

In the Objections, Petitioner cites to *State v. Smith*, 131 Ohio St. 3d 297 (2012). (Case No. 1:12-cv-660, Doc. 17, PageId 1709). He surmises that the Twelfth District denied his claim

because he was *pro se* and contends that he would not owe fines and costs if appellate counsel had raised the issue on appeal of his resentencing. (Id., PageId 1710).

The Supplemental Report indicates that *Smith* actually supports the Twelfth District's dismissal because Petitioner's claim was ripe when he took his first direct appeal. (Case No. 1:12-cv-660, Doc. 19, PageId 1719). His failure to raise the claim on his first direct appeal makes it barred by *res judicata*. (Id.). The Supplemental Report further notes that Petitioner made no argument in his Objections about why the claim is not barred under the Ohio *res judicata* doctrine. (Id.). Accordingly, the Supplemental Report again recommends that the first ground for relief in Case No. 1:12-cv-756 be dismissed with prejudice. (Id.).

In the Supplemental Objections, Petitioner relies on *Magwood v. Patterson*, 561 U.S. 320 (2010) for the proposition that "an appellate may challenge what transpired at a re-sentencing hearing" which he argues includes the portion of his sentence dealing with fines and court costs which "<u>ARE</u> <u>STILL</u> <u>VOID</u>." (Doc. 21, PageId 1730).

      b. Resolution

Upon review, the undersigned agrees with the Magistrate Judge that Petitioner's first ground for relief in Case No. 1:12-cv-756 should be dismissed with prejudice.

As stated in the Report, *Strickland's* two-part test governs an ineffective assistance of counsel claim. 466 U.S. at 687-89. This Court must evaluate the objective reasonableness of counsel's performance under a highly deferential standard of review. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006). Moreover, the federal habeas court must defer to the state court's decision on the merits of a federal constitutional claim unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

Petitioner's Supplemental Objections do not demonstrate that the state court's application of *Strickland* to Petitioner's ineffective assistance of counsel claim concerning fines and costs, which was raised in an Application for Reopening under Ohio R. App. P. 26(B) relating to his resentencing appeal, was contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. *Magwood*, 561 U.S. 320, addresses when a federal habeas petition constitutes a second or successive petition. But the Report plainly determined that this ground for relief is not barred as a second or successive petition because the claim relates to appellate counsel's conduct after resentencing.[5] Instead, the issue here is whether appellate counsel was ineffective for failing to raise the claim in light of the Ohio *res judicata* doctrine, which is an issue *Magwood* does not address. Petitioner's reliance on *Magwood* thus does not undermine the conclusion that the Twelfth District's decision was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court law. As stated in the Report, there cannot be ineffective assistance of appellate counsel in failing to raise a claim as to which there is a complete bar under the law. (Doc. 15, PageId 1702).[6]

Accordingly, the first ground for relief in Case No. 1:12-cv-756 shall be dismissed with prejudice.

    **2. Grounds Two and Three**

        a. Summary of Report, Objections, Supplemental Report, and Supplemental Objections

---

[5] The Report specifically addressed this issue: "this claim is not barred by the second or successive petition statute, 28 U.S.C. § 2244(b), because it raises claims related to the resentencing." (Doc. 15, PageId 1700).

[6] Moreover, as explained with respect to Grounds Two and Three in the Report, Petitioner was not entitled to *de novo* re-sentencing and new judgment under the Ohio law in effect at the time of the Tweflth District's decision. (Doc. 15, PageId 1695) (citing *State v. Fischer*, 128 Ohio St. 3d 92, ¶¶ 25-26 (2010)).

Petitioner's second ground for relief in Case No. 1:12-cv-756 is that: "A trial court shall not participate in plea negotiations." (Petition in Case No. 1:12-cv-756, Doc. 1, PageId 8). His third ground for relief is that: "A Defendant is entitled to have a trial court instruct a jury on lesser included offenses if he has proven to the court and jury that he is not guilty of the charges that he is being tried on." (Id., PageId 9). The Report recommends dismissing both claims as a "second or successive" petition because they were previously presented to the Court in Case No. 1:09-cv-335 and Ohio law does not create a new judgment such that a habeas petition can then be filed attacking those portions of the underlying judgment that were not modified. (Case No. 1:12-cv-660, Doc. 15, PageId 1694-95) (citing *Fischer*, 128 Ohio St. 3d 92, ¶¶ 25-26; *Mackey v. Sheets*, 2012 U.S. Dist. LEXIS 126498 (S.D. Ohio Sept. 6, 2012) and 2012 U.S. Dist. LEXIS 159668 (S.D. Ohio Nov. 6, 2012), *adopted at* 2013 U.S. Dist. LEXIS 5969 (S.D. Ohio Jan. 15, 2013)). The Report indicates that these claims do not come within the decision of *Magwood v. Patterson*, 561 U.S. 320 (2010), and that under 28 U.S.C. § 2244(b)(1), those claims "shall be dismissed" with prejudice. (Doc. 15, PageId 1695).

In his Objections, Petitioner argues that Grounds Two and Three should not be dismissed because they were not adjudicated in Case No. 1:09-cv-335 but instead were dismissed for procedural default. (Case No. 1:12-cv-660, Doc. 17, PageId 1710). He contends that he was not granted a stay to present the issues to the state court so when he was resentenced, he then presented the issues to the state court and *Magwood* opened the door to present the arguments after re-sentencing. (Id.).

The Supplemental Report re-emphasizes that the same claims were raised in Case No. 1:09-cv-335. (Case No. 1:12-cv-660, Doc. 19, PageId 1720-21). It also explains that a decision

that a petitioner has procedurally defaulted a claim is an adjudication on the merits. (Id.) (citing *In re Cook*, 215 F.3d 606 (6th Cir. 2000)).

In his Supplemental Objections, Petitioner argues that his claims were dismissed for procedural default, but that a mere failure to exhaust state remedies does not result in a dismissal on the merits. (Case No. 1:12-cv-660, Doc. 21, PageId 1731). He further argues that he may circumvent any procedural default because he has demonstrated a fundamental miscarriage of justice. (Id.).

### b. Resolution

Upon review, the undersigned agrees with the Magistrate Judge that Petitioner's second and third grounds for relief in Case No. 1:12-cv-756 should be dismissed with prejudice.

As explained by the Sixth Circuit in *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000):

> [A] mere failure to exhaust state remedies does not result in a dismissal "on the merits" and does not cause a forfeiture of access to federal habeas review. Because the applicant could exhaust and then refile, a dismissal for failure to exhaust state remedies can give rise to two § 2254 applications properly thought of as one challenge with multiple stages. . . . But when the prisoner fails to fully and fairly present his claims to the state courts before the time for him to do so has expired, he procedurally defaults and is foreclosed from federal habeas corpus review of those claims, absent a showing of cause and prejudice or a fundamental miscarriage of justice.

(internal quotations and citations omitted).

Contrary to Petitioner's argument, his prior claims on these two grounds were not dismissed for failure to exhaust his state court remedies. Instead, they were dismissed because they were procedurally defaulted. (Case No. 1:12-cv-756, Doc. 3-2, PageId 563-64).[7] It also was determined that Petitioner failed to show cause and prejudice, or that a miscarriage of justice would result from enforcing the procedural default. (Id.). His application for a writ of habeas

---

[7] At that time, Petitioner did not object to the Magistrate Judge's conclusion that he procedurally defaulted these claims for relief. (Case No. 1:12-cv-756, Doc. 3-2, PageId 573). The Report and Recommendation of the Magistrate Judge was adopted and Petitioner's application for a writ of habeas corpus was dismissed with prejudice. (Id., PageId 581-82).

corpus (including the two claims at issue) was dismissed with prejudice. (Id., PageId 581-82). As such, 28 U.S.C. § 2244(b)(1) is applicable and requires that the claims in Grounds Two and Three which were presented in a prior application be dismissed.

### 3. Ground Four

Petitioner's fourth ground for relief in Case No. 1:12-cv-756 is that: "Appellant/Petitioner was entitled to the effective assistance of counsel on FIRST direct appeal." (Petition in 1:12-cv-756, Doc. 1, PageId 11). The Report recommends transferring Ground Four to the circuit court for permission to file because it is a second or successive habeas application that is governed by 28 U.S.C. § 2244(b)(2). (Case No. 1:12-cv-660, Doc. 15, PageId 1696). Petitioner does not object to that recommendation in his Objections or Supplemental Objections. (Docs. 17, 21). Accordingly, the undersigned adopts the Magistrate Judge's recommendation that Ground Four be transferred to the Sixth Circuit for permission to file pursuant to § 2244(b)(2).

## IV. CONCLUSION

Consistent with the foregoing, Petitioner's Objections and Supplemental Objections in Case No. 1:12-cv-660 (Docs. 17, 21) and Supplemental Objections in Case No. 1:12-cv-756 are **OVERRULED**. The Report and Supplemental Report in Case No. 1:12-cv-660 (Docs. 15, 19) and in Case No. 1:12-cv-756 (Docs. 9, 11) are **ADOPTED**. It is **ORDERED** that:

1. Ground Four in Case No. 1:12-cv-756 is TRANSFERRED to the Sixth Circuit Court of Appeals to allow Petitioner to request permission to proceed with a second or successive petition pursuant to 28 U.S.C. § 2244(b)(2).

2. Other than Ground Four, the Petition in Case No. 1:12-cv-756 is DISMISSED WITH PREJUDICE.

3. The Petition in Case No. 1:12-cv-660 is DISMISSED WITH PREJUDICE.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability.  The Court certifies to the Sixth Circuit that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

s/Michael R. Barrett<br>
Judge Michael R. Barrett<br>
United States District Court